```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

IRVING J. HENRY, husband of/and         *        CIVIL ACTION
JENNIFER W. HENRY

VERSUS                                  *        NO. 07-1738

ALLSTATE INSURANCE COMPANY              *        SECTION "F"

                         ORDER AND REASONS

Before the Court is the plaintiffs' motion to certify ruling as final pursuant to F.R.C.P. 54(b) and 28 U.S.C. 1292. For the reasons that follow, the motion is DENIED.

                           Background

The facts of this case are outlined in the Court's Order and Reasons dated August 8, 2007, in which the Court granted the defendant's motion to strike class allegations, granted in part and denied in part the defendant's motion to dismiss, and granted in part and denied in part the defendant's request for costs and a stay.[1]

---

[1] Specifically, the Court (i) granted the defendant's motion to dismiss the plaintiffs' fraud claim; (ii) granted the plaintiffs' leave to amend their claim for breach of contract and violation of penalty statutes; (iii) granted the defendant's motion to strike class allegations; (iv) granted the defendant's motion for attorney fees; and (v) denied the defendant's motion

On September 6, 2007, the plaintiffs filed a Notice of Appeal to the Fifth Circuit "from that portion of the Order and Reasons entered in this action on August 8, 2007 granting Defendants' motion to strike Plaintiffs' class allegations."  In the Notice of Appeal, the plaintiffs note that "[a]lthough this Order did not finally dismiss the individual claims of the named Plaintiffs, the Order has the effect of a final decision as to the class and is, therefore, timely appealed."

Five days after filing their Notice of Appeal, the plaintiffs filed the present motion, asking the Court to certify its August 8, 2007 ruling as final pursuant to Federal Rule of Civil Procedure 54(b) for purposes of immediate appeal pursuant to 28 U.S.C. § 1292(b).

I.

Before the Court may consider the merits of the plaintiffs' motion for certificate of appealability, the Court must first determine whether it retains jurisdiction to address plaintiffs' motion, given that plaintiffs have filed a Notice of Appeal.

The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the trial court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103

---

to stay.

S.Ct. 400, 74 L.Ed.2d 225 (1982).  Here, however, the plaintiffs filed a notice of appeal as to the Court's ruling on the defendant's motion to strike class allegations, which is not a final appealable order.  Cf. Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (holding that the denial of class certification is not a "final decision" appealable as of right under 28 U.S.C. § 1291), *abrogated in part* by Fed.R.Civ.P. 23(f) ("A *court of appeals* may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order") (emphasis added).[2]

In that regard, the Fifth Circuit has instructed that "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction...." United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979), superceded by statute on other grounds, as recognized in United States v. Martinez, 763 F.2d 1297 (11th Cir. 1985).  The reason favoring retention of trial court jurisdiction over nonappealable orders is sound:  "The contrary rule leaves the court powerless to prevent intentional dilatory

---

[2] The permissive interlocutory appeal provision of Rule 23(f) is obviously inapplicable to the plaintiffs' request that this Court certify its ruling as final for the purposes of immediate appeal, given that immediate appeal under that provision is permitted in the sole discretion of the court of appeals.  See Rule 23 Advisory Committee Notes (noting that Rule 23(f) "establish[es] in the court of appeals a discretionary power to grant interlocutory review in cases that show appeal-worthy certification issues").

tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process." See id.

Because the plaintiffs seek appeal from an interlocutory order, the Court finds that the notice of appeal does not divest the Court of jurisdiction over this matter.

## II.

Because a ruling to strike class allegations is not a final decision appealable as of right under 28 U.S.C. § 1291,[3] the plaintiffs bear the burden of showing that all the criteria for interlocutory appeal have been satisfied. The certification of interlocutory orders for appeal is governed by 28 U.S.C. § 1292(b). To certify an issue for interlocutory appeal, the question at issue must involve: (1) a controlling question of law, (2) substantial ground for a difference of opinion, and (3) a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation. See Aparicio v. Swan Lake, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). Interlocutory appeals are "exceptional", the Fifth Circuit cautions, and "assuredly do not lie simply to determine the correctness" of a ruling. Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co., 702 F.2d 67, 67-

---

[3] Cf. Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), *abrogated in part* by Fed.R.Civ.P. 23(f). Plaintiffs apparently have not exercised Rule 23(f) remedies.

69 (5th Cir. 1983); see also Tolson v. United States, 732 F.2d 998, 1002 (D.C. Cir. 1984) (citing Wright & Miller for the proposition that Section 1292(b) "is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals").

### III.

The plaintiffs contend that certification is proper because the Court's ruling "was based on a controlling question of law (the interpretation and application of Castano v. American Tobacco Co., 84 F.3d 734, 745 (5th Cir. 1996) to the facts of a fraud class action where individual reliance will not be an issue, and immediate appeal will materially advance the termination of this litigation as, otherwise Plaintiffs will be forced to wait until Mr. Henry and others have finally resolved their homeowner's claims in order to proceed with an appeal [of the ruling]."[4]

The defendant counters that the plaintiffs have not even

---

[4] The Court notes that the plaintiffs seem to confuse Rule 54(b) and 28 U.S.C. § 1292. The Court "*cannot*, in the exercise of its [Rule 54(b)] discretion, treat as 'final' that which is not 'final' within the meaning of § 1291." See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956) (emphasis in original). In any event, the plaintiffs provide no support for their Rule 54(b) motion. Indeed, such motions are disfavored and should only be granted "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." See PYCA Indus., Inc. v. Harrison County Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996). Balancing of the cost and inconvenience of piecemeal review and the danger of injustice from delay fails to persuade the Court to exercise its discretion to direct the entry of final judgment as to the ruling striking their class allegations.

attempted to establish the three requirements for a Section 1292(b) appeal. The defendant challenges the plaintiffs' characterization as to their alleged controlling issue of law. That is, the defendant points out that the plaintiffs themselves have stated that they were not alleging a fraud claim, but rather only alleging fraud as necessary to vitiate any settlements executed by members of the putative class. More importantly, the defendant correctly notes that the Court determined that, to the extent the plaintiffs were asserting a fraud claim, those claims were subject to dismissal for non-compliance with Rule 9(b)'s particularity requirement, not based on Castano. Finally, the defendant contends that -- not only do the plaintiffs fail to identify a controlling issue of law -- the plaintiffs' conclusions that the remaining two Section 1292(b) requirements were met are unsupported and insufficient.

The Court agrees and finds that the plaintiffs have failed to show that the exceptional relief they seek, an interlocutory appeal, is warranted under these circumstances. They have identified no controlling questions of law as to which there is a substantial ground for difference of opinion. Additionally, they have failed to show how an appeal of the Court's order would materially advance the ultimate termination of the litigation.

Accordingly, the plaintiffs' motion to certify this Court's August 8, 2007 ruling as final pursuant to F.R.C.P. 54(b) and 28

U.S.C. 1292 is DENIED.

New Orleans, Louisiana, October 9, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE