```
                     UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF LOUISIANA


IRVING J. HENRY and                                    CIVIL ACTION
JENNIFER HENRY, III


v.                                                     NO. 07-1738


ALLSTATE INSURANCE COMPANY                             SECTION "F"
```

ORDER AND REASONS

Before the Court is Allstate's motion for partial summary judgment regarding the application of La.R.S. 22:658. For the reasons that follow, the motion is DENIED without prejudice as premature.

Background

While this case has a rather involved procedural history, the facts taken from the pleadings[1] that are necessary to resolve the present motion are simple:

This is an insurance dispute. Plaintiffs-insureds filed a claim with Allstate, their insurer, after Hurricanes Katrina and Rita damaged their property. Although Allstate has inspected the

---

[1] Allstate submitted no evidence in support of its motion for partial summary judgment.

1

property and made payments to the plaintiffs, the plaintiffs assert that Allstate has breached the insurance contract and owes the plaintiffs additional policy proceeds and penalties.[2]

Allstate seeks partial summary judgment that, if Allstate at some point later in the litigation is found to have violated section 658, then the plaintiffs' recovery under that statute will be determined in accordance with the version of the statute in effect prior to August 15, 2006.

I.

Summary judgment is appropriate when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, it must

---

[2] The plaintiffs assert in their complaint that Allstate inspected the Henrys' property on October 3, 2005, which resulted in payments of $13,550.73 and $4,865.43 on October 30, 2005 and May 15, 2006 for their dwelling, additional living expenses and contents. On August 7, 2006, the Henrys provided Allstate with a proof of loss and engineering report showing that their dwelling suffered wind damage in the amount of $112,743.96.

come forward with competent evidence, such as affidavits or depositions, to buttress its claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## II.

Sections 22:658 and 22:1220 of the Louisiana Civil Code provide for statutory penalties when an insurer refuses in bad faith to pay a claim.  In June 2006, the Louisiana Legislature amended § 22:658 and increased the penalties from twenty-five percent to fifty percent of the amount a claimant is owed, and added a provision for reasonable attorneys' fees and costs.  These changes went into effect on August 15, 2006, and are not applied retroactively to bad faith conduct occurring before its effective date.  See, e.g., Taylor v. State Farm, No. 06-2609, 2008 WL 553173, at *2 (E.D. La. Feb. 27, 2008); Ferguson v. State Farm Ins. Co., 2007 WL 1378507 (E.D. La. 2007); Empire Inn, LLC v. State Farm Fire and Cas. Co., 2007 WL 2751203 (E.D. La. 2007); Weiss v. Allstate Ins. Co., 2007 WL 1017341 (E.D. La. 2007).

Allstate suggests that, because the plaintiffs' cause of action arose before the 2006 amendment, their potential recovery is

3

limited to the penalties in the previous version of the statute. The plaintiffs respond that the current version of the statute should apply. To the extent the plaintiffs rely on a theory of ongoing liability, that argument is not persuasive and has previously been rejected by this Court. See Taylor v. State Farm, No. 06-2609, 2008 WL 553173, at *2 (E.D. La. Feb. 27, 2008).

This Court has also determined, as have other Sections of this Court and Louisiana state courts, that an insured's cause of action -- and, therefore, the right to recover under § 22:658 -- comes into existence when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss. See id.; see also Best v. State Farm Fire and Cas. Co., 969 So. 2d 671 (La. App. 4th Cir. 2007). Allstate's failure to pay what the plaintiff suggests it should have paid after the October inspection is not a continuing obligation that exposes it to liability pursuant to the amended version of § 22:658. See Paulsen v. State Farm Ins. Co., 2008 WL 239785 *2 (E.D. La. 2008); McKenney v. Allstate Ins. Co., 2007 WL 1139601 *1 (E.D. La. 2007); Empire Inn, LLC v. State Farm Fire & Cas. Co., 2007 WL 2751203 *4 (E.D. La. 2007).

But Allstate's quest for partial summary judgment is at best premature and unsupported. Allstate has submitted no evidence or sworn affidavit in support of the motion. Allstate contends that its investigation and denial of the claim all occurred after its first inspection in October 2005 such that the pre-August 15, 2006

version of the statute applies.  The plaintiffs dispute this and point out that they submitted a formal written proof of loss including an engineering report and itemized damages in August 2006, just before the amendment to section 658 became effective and before they filed suit on August 28, 2006.

The Court has already determined that the amendment to section 658 is not retroactive.  What's missing from Allstate's motion is evidence in support of its determination as to when the plaintiffs' cause of action arose.  If the summary judgment evidence showed that Allstate's bad faith conduct (if any) occurred only before the date of the effective amendment (such as in October 2005), then the plaintiffs may only recover a 25% penalty under section 658.  But such a ruling would be purely advisory at this time:  Allstate has submitted no evidence whatsoever in support of its request for partial judgment.

Accordingly, the defendant's motion for partial summary judgment is DENIED without prejudice.

New Orleans, Louisiana, March 26, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE